UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER SCHER,<br><br>      Plaintiff,<br><br> v.<br><br>ROUND HILL MUSIC LP, and JOSHUA GRUSS, in his individual capacity,<br><br>      Defendants. | 1:20-cv-01208-LJL<br><br>Hon. Lewis J. Liman |

**DEFENDANTS ROUND HILL MUSIC LP AND JOSHUA GRUSS'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE DOCUMENTS UNDER SEAL**

BOIES SCHILLER FLEXNER LLP

Joshua I. Schiller
Benjamin Margulis
Thomas H. Sosnowski
55 Hudson Yards
New York, New York 10001
(212) 446-2300
jischiller@bsfllp.com
bmargulis@bsfllp.com
tsosnowski@bsfllp.com

*Attorneys for Defendants Round Hill Music LP and Joshua Gruss*

Defendants Round Hill Music, LP ("Round Hill") and Joshua Gruss ("Gruss") (collectively, "Defendants") respectfully move this Court, pursuant to Rule 2(F) of this Court's Individual Rules for Practice in Civil Cases, for an order granting approval to file under seal certain documents submitted in connection with Defendants' Cross-Motion to Compel Arbitration of all claims by Plaintiff Jennifer Scher ("Scher" or "Plaintiff") in Scher's First Amended Complaint ("Complaint", ECF No. 7).

Specifically, Defendants seek approval to file four documents under seal ("Confidential Documents"):

- Exhibit A to the Declaration of Joshua I. Schiller in Support of Defendants' Cross-Motion to Compel Arbitration, which is a true and correct copy of Scher's confidential employment agreement.

- Exhibit B to the Declaration of Joshua I. Schiller in Support of Defendants' Cross-Motion to Compel Arbitration, which is a true and correct copy of a confidential limited partnership agreement.

- Exhibit C to the Declaration of Joshua I. Schiller in Support of Defendants' Cross-Motion to Compel Arbitration, which is a true and correct copy of a second confidential limited partnership agreement.

- Defendants' Memorandum of Law in Support of Cross-Motion to Compel Arbitration, which quotes from the three aforementioned exhibits.

The Confidential Documents all relate to internal, confidential business information such as the internal workings of an investment fund and the related limited partnership (including management structure, distributions, and partner benefits) and the terms of an employee's

1

contract (including her salary, severance, and other benefits). As a result, they should be treated as confidential materials and Defendants should be given approval to file them under seal.

## LEGAL STANDARD

While there is a presumption of public access to judicial documents, Courts have repeatedly recognized a number of exceptions that work to protect the kind of confidential business information contained in the Confidential Documents. *See Lugosch v. Pyramin Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). In resolving sealing applications, courts consider both "the weight of the presumption" of access and whether there are "countervailing facts," such as the "the private interest of those resisting disclosure." *Id.* at 120. "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal quotation marks and alteration omitted). *Cf.* Fed. R. Civ. P. 26(c)(1)(G) (a court may issue an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.").

## ARGUMENT

**A.     The Confidential Documents should be sealed in their entirety.**

Each of the Confidential Documents contains confidential "business information that might harm [Defendants'] competitive standing" in the market if not filed under seal. N*ixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Moreover, each of the Confidential Documents relates to the inner workings of (closely held) partnerships, which further weighs in favor of sealing. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Financial records of a wholly owned business . . . and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.").

2

For example, the two limited partnership agreements for the funds (Exhibits B and C to the Declaration of Joshua I. Schiller) set out in great detail how each of the partners is to be treated, their rights, their compensation, and their identities.  Moreover, the agreements speak to the partners' exercise of managerial authority, the partners' responsibilities within the partnership, and the overall structure of the entity.  In other words, the documents relate and set forth "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Mallatier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotation marks omitted); *see also In re Zyprexa Prods. Liability Lit.*, MDL No. 1596, 2009 WL 791540, at *4 (E.D.N.Y. Mar. 23, 2009) (sealing a "three-page" partnership agreement given the "continuing business relationships at issue" and the reasonable expectation that "release of this document would provide current payor customers . . . with valuable insights into [the party's] objectives in this segment of the market which could be used to the customers' advantage in negotiations with [the party], thereby causing competitive harm . . . ."); *SEC v. Ahmed*, No. 15-cv-00675, 2018 WL 4266079, at *3 (D. Conn. Sep. 6, 2018) (noting that it has sealed document similar to an internal securities purchase agreement because of the party's interest "in confidentiality of internal business practices substantially outweighs the public's right of access").

The third exhibit — Scher's employment agreement — contains the full terms of an employee's (of a *"C"-level executive*'s) contract, including her compensation, benefits, responsibilities, and potential severance.  If this information were to be made publicly known and accessible — beyond the generalities offered in Scher's Complaint and First Amended Complaint — it could allow Defendants' competition to entice away high-level employees with

3

competitive offers.  This information is traditionally considered private, subject to in-contract confidentiality restrictions, and holds great value for Defendants.  *See Amodeo*, 71 F.3d at 1051 ("In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public.").

Given the sensitive nature of the Confidential Documents, it is not surprising that each of the three agreements — the three exhibits — contain confidentiality clauses that limit their disclosure.  And while such clauses are not, *per se*, sufficient to mandate that the documents should be sealed, it is indicative of the value that the parties — Defendants in particular — placed on the terms and substance of these agreements.  *See Kelly v. Evolution Markets, Inc.*, 626 F. Supp. 2d 364, 377 (S.D.N.Y. 2009) (sealing an employment and compensation agreement because "[t]he Employment Agreement, by its express terms, is confidential and [Plaintiff] was prohibited from disclosing its content").

In all, the Confidential Documents contain internal, confidential business information that is competitively sensitive for Defendants and should be sealed.[1]

### B. If the Confidential Documents are not sealed, Defendants should be given an opportunity to redact specific information.

It is Defendants' position that the Confidential Documents should be filed under seal in their entirety.  However, if this Court disagrees, then Defendants should be given an opportunity to redact specific information — particularly from the two limited partnership agreements.  Specifically, Defendants should be given an opportunity to redact out the names of any partner that is not directly involved in this case.  Defendants should also be given an opportunity to

---

[1] This same rationale applies to the copies of the same documents — as well as the brief and demand for arbitration — that Scher seeks to file under seal as part of her motion for a preliminary injunction. [Dkts. 9–11.]

4

redact the specific substantive terms of the compensation to Scher under the limited partnership agreements and the Employment Agreement.

## **CONCLUSION**

In light of the foregoing, this Court should grant Defendants approval to file under seal the Confidential Documents submitted in connection with Defendants' Cross-Motion to Compel Arbitration.

Dated: February 28, 2020
New York, New York

Respectfully submitted,

/s/ Joshua I. Schiller
Joshua I. Schiller
Benjamin Margulis
Thomas H. Sosnowski
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York 10001
(212) 446-2300
jischiller@bsfllp.com
bmargulis@bsfllp.com
tsosnowski@bsfllp.com

*Attorneys for Defendants Round Hill Music LP and Joshua Gruss*

## **CERTIFICATE OF SERVICE**

I certify that on February 28, 2020, a true and correct copy for the foregoing was sent via ECF and electronic mail to Plaintiff's counsel at the address below:

Amy F. Shulman
Luis C. Hansen
OUTTEN & GOLDEN LLP
685 Third Avenue
25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2071
ashulman@outtengolden.com
lhansen@outtengolden.com

*Attorneys for Plaintiff*


/s/ Joshua I. Schiller
Joshua I. Schiller